IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KENDRICK R. MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CV 119-216 |
| EDWARD PHILBIN, Warden; TOMMY ) | |
| TREMBLE, Deputy Warden of Security; ) | |
| LARRY REDD, Assistant Deputy Warden ) | |
| of Security; RUTHIE SHELTON, Deputy ) | |
| Warden of Care and Treatment; ORBEY ) | |
| HARMON, Captain, Chief of Security; ) | |
| CLIFFORD BROWN, Unit Manager over the ) | |
| 11-B area; DONNA YOUNG, Mental Health ) | |
| Director; LISA MAYO, Mental Health Unit ) | |
| Manager; LT. PATRICK WILLIAMS, ) | |
| Clinical Director; JUDY HAMILTON, Mental) | |
| Health Counselor; CALVIN BROWN, ) | |
| Program Supervisor; QUATERRIO MOSS, ) | |
| Prison Guard; THARIUS PRYOR, Prison ) | |
| Guard; JESSICA HALL, Prison Guard; ) | |
| BRITTNEY STRAWBRIDGE, Prison Guard; ) | |
| LT. SANTINA JACKSON; DEVONTE ) | |
| BEST, Prison Guard; REGINA JOHNSON, ) | |
| Prison Nurse; LARRY SIMS, Prison Doctor; ) | |
| FNU WISER, Prison Guard; FNU PLATT, ) | |
| Facility Investigator, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Valdosta State Prison ("VSP") in Valdosta, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Augusta State Medical Prison ("ASMP") in Grovetown,

Georgia.  (Doc. no. 1.)  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

## I.     BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721-27.

## II.    DISCUSSION

### A.     Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed as frivolous or for failure to state a claim and count as strikes:  (1) Martin v.

2

Pryor, CV 119-147 (S.D. Ga. Sept. 9, 2019); (2) Martin v. Philbin, CV 118-212 (S.D. Ga. Dec. 10, 2018); and (3) Martin v. West, CV 616-118 (S.D. Ga. Aug. 22, 2016). All three cases qualify as strikes under § 1915(g) because they were dismissed for providing dishonest filing information. See Rivera, 144 F.3d at 731 (a case dismissed as an "abuse of the judicial process" counts as a strike under § 1915(g)); Pinson v. Grimes, 391 F. App'x 797, 798-99 (11th Cir. 2010) (failing to disclose previously filed cases properly results in strike). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

**B.     Plaintiff Does Not Qualify for the Imminent Danger Exception**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Plaintiff complains of events occurring at ASMP in Grovetown, Georgia. (See doc. no. 1, pp. 10-11, 13-18.) Notably, however, Plaintiff is currently incarcerated at VSP. (Id. at 3.) Furthermore, the events Plaintiff complains of occurred in September and October 2018. (Id. at 13, 16.) As Plaintiff's allegations do not even challenge his current conditions of confinement, it is clear he is not in any imminent danger. Therefore, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 20th day of December, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA